

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00225-CR
_____

DARRELL STEVEN GREER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 2
Tarrant County, Texas
Trial Court No. 1296623; Honorable Michael Mitchell, Presiding

June 9, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Darrell Steven Greer, pleaded guilty in open court to an information alleging he committed the class B misdemeanor offense of driving while intoxicated.[1] Pursuant to a plea agreement he was sentenced to thirteen days confinement and fined $650. In a single issue, Appellant asserts the trial court erred by denying his motion to suppress. We affirm the judgment of the trial court.

---

[1] See TEX. PENAL CODE ANN. § 49.04(a), (b) (West Supp. 2013).

**STANDARD OF REVIEW**

We use an abuse of discretion standard to review the trial court's ruling on a motion to suppress. *Balentine v. State,* 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); *Hudson v. State,* 247 S.W.3d 780, 783 (Tex. App.—Amarillo 2008, no pet.). In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial court's ruling, *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999), and "afford almost total deference to the trial judge's determination of facts (if they are supported by the record)." *State v. Duran,* 396 S.W.3d 563, 570 (Tex. Crim. App. 2013). Further, "[t]he winning side is afforded the 'strongest legitimate view of the evidence' as well as all reasonable inferences that can be derived from it." *Id.* at 571. (quoting *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011)).

We review *de novo* the court's application of the law of search and seizure to the facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). As no findings of fact or conclusions of law were filed here, we will assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Id.* at 855. If the trial court's decision is correct on any theory of law applicable to the case, we will affirm the decision. *Id.* at 855-56.

DISCUSSION

The sole issue presented by Appellant at the suppression hearing was whether Officer Dickinson had any reasonable suspicion or probable cause to initiate a traffic stop.

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with the rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been or soon will be engaged in criminal activity. *Id.* at 492-93. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.* at 492.

Officer Dickinson testified at the hearing that, on September 3, 2012, at approximately 3:30 a.m., he was dispatched to intercept a driver that was possibly intoxicated. The dispatcher had received a 911 call from an identified driver who had observed a Jeep Cherokee driving erratically.[2] The caller continued to observe the Jeep and periodically updated the dispatcher as to the location of their respective

---

[2] The dispatcher originally indicated the Jeep was white but, prior to any traffic stop, confirmed the Jeep was, in fact, black.

vehicles. Officer Dickinson located the Jeep according to the caller's vehicle descriptions and periodic driving updates. As Officer Dickinson approached the Jeep, the driver immediately slowed "dramatically," i.e., from 55-65 mph to 30-40 mph, and then veered from lane three to lane two without giving a turn signal prior to the lane change. This activity was consistent with the description of the suspect's behavior provided earlier by the caller, i.e., dramatic speed variances. Prior to initiating a traffic stop, Officer Dickinson testified the dispatcher confirmed the color of the Jeep was black and gave him the first three digits of the Jeep's license plate number. Based upon the totality of these circumstances, Officer Dickinson testified he believed he had identified the Jeep referred to by the 911 caller, and he observed a traffic violation. He then initiated a traffic stop.

Based on Officer Dickinson's testimony, the trial court determined he had reasonable suspicion to stop Appellant's vehicle. We agree—not only did Officer Dickinson have sufficient facts to form a reasonable suspicion that Appellant was driving erratically as reported by the 911 caller, but he also observed what he believed was a traffic violation, i.e., changing lanes without giving the proper signal. *See* TEX. TRANSP. CODE ANN. § 545.104(a) (West 2011); *Brother v. State,* 166 S.W.3d 255, 256-60 (Tex. Crim. App. 2005). *See also Favors v. State,* No. 13-05-669-CR, 2006 Tex. App. LEXIS 9388, at *7 (Tex. App.—Corpus Christi Oct. 19, 2006, no pet.) (mem. op., not designated for publication) (traffic stop legal where officer witnessed suspect change lanes without signaling). Accordingly, we hold the trial court did not err in concluding that, under the totality of the circumstances, the stop was reasonable under the Fourth Amendment. Appellant's single issue is overruled.

**CONCLUSION**

We affirm the trial court's order denying Appellant's motion to suppress.


Patrick A. Pirtle
Justice


Do not publish.